## STATE *vs.* FRANK A. KANE.

An indictment under Pub. Stat. R. I. cap. 86, § 3, charged that the accused did "unlawfully open and keep open a victualling house in the city of Pawtucket . . . without license then and there first had and obtained from the board of aldermen of said city of Pawtucket."

*Held*, that the indictment was sufficient without allegations that he kept said victualling house open for business, and that he was the keeper or proprietor of said victualling house.

EXCEPTIONS to the Court of Common Pleas.

*May* 27, 1887.   PER CURIAM.   The defendant was indicted at the December Term, A. D. 1886, of the Court of Common Pleas for this county, for keeping an unlicensed victualling house, under Pub. Stat. cap. 86, § 3.[1]   The indictment alleged that the defendant, on the 11th day of September, A. D. 1886, with force and arms, at Pawtucket, in the county of Providence, "unlawfully did open and keep open a victualling house in the city of Pawtucket in said State, without license then and there first had and obtained from the board of aldermen of said city of Pawtucket."

At the trial the defendant moved to quash the indictment, because, *first*, it does not allege that the defendant did open and keep open said victualling house *for business*, and therefore does not charge any offence ; *second*, it does not allege that the defendant was the keeper or proprietor of said victualling house.   After a verdict of guilty the defendant moved in arrest of judgment on the same grounds.

All these motions were overruled and the defendant excepted.

The indictment follows the language of the statute, and, though an indictment charging an offence in the language of the statute is not always, it is generally, sufficient.   To open and keep open a victualling house is necessarily to open and keep open a place where victuals are sold or furnished, or where the business of victualling is carried on.   Therefore it adds nothing to say that the place was open or kept open for business.

We do not think that any allegation that the defendant was the keeper or proprietor was necessary.

*Exceptions overruled.*

*Walter F. Angell*, Assistant Attorney General, for plaintiff.
*Joseph Osfield, Jun.*, for defendant.

---

[1] As follows : —

"SECT. 3. Every person in any town who shall open or keep open any tavern, victualling house, cook-shop, oyster-house, or oyster-cellar, without license first had and obtained from the town council of such town, or in any place other than that specified in such license, shall be fined fifty dollars for each offence, one half thereof to the use of the town in which the offence shall have been committed, and one half thereof to the use of the State."